UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ABETH HASHIMI,
      Plaintiff,
vs.

ANA YVETTE CORTEZ and
HERMAN CORTEZ, and
RELAX CAFE INCORPORATED,
      Defendants.

Case No.:

**COMPLAINT**

      Plaintiff, ABETH HASHIMI ("Plaintiff"), by his undersigned counsel, hereby files this Complaint and sues Defendants, ANA YVETTE CORTEZ and HERMAN CORTEZ and RELAX CAFE INCORPORATED. ("Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG").

**JURISDICTION**

**1)**    This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. et seq., based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2)**    Plaintiff currently resides in Flushing, New York, and is *sui juris*. Plaintiff is a qualified individual with disabilities under the ADA law. Plaintiff suffers from a congenital neuromuscular disorder known as Central Nuclear Myopathy which is characterized as a default in the cell structure of voluntary muscles and as a result is bound to ambulate in a wheelchair.

**3)**    Defendant, ANA YVETTE CORTEZ, is an individual who transacts business in the State of New York and within this judicial district. Defendant, ANA YVETTE CORTEZ, is

the owner of the real property which is the subject of this action located on or about at 68-17 Forest Ave., Queens NY, 11385 (hereinafter "Subject Property" or "Facility").

4)      Defendant, HERMAN CORTEZ, is an individual who transacts business in the State of New York and within this judicial district. Defendant, HERMAN CORTEZ, is the owner of the real property which is the subject of this action located on or about at  68-17 Forest Ave., Queens NY, 11385 (hereinafter "Subject Property" or "Facility").

5)      Defendant, RELAX CAFE INCORPORATED, is a corporation and transacts business in the State of New York and within this judicial district. Defendant, RELAX CAFE INCORPORATED, is the lessee and operator of the business known as **RELAX LOUNGE**, located at  68-17 Forest Ave., Queens NY, 11385 (hereinafter the "Facility").

6)      Plaintiff has visited the Subject Property which forms the basis of this lawsuit in mid-April, on or about April 14, 2023, and again on or about April, 29 2023. On both of these occasions, the Plaintiff's ability to ambulate through the entrance of the Subject Property was constrained, hindered, and thwarted by the structural barriers, that which prevented access to the public accommodation. The Plaintiff plans to return to the Subject Property to avail himself of the goods and services offered to the public at the Subject Property, and thereby determine whether the Subject Property has been made ADA compliant. Plaintiff's access to the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and Plaintiff will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the Facility, including but not limited, to those set forth in this Complaint.

**7)**      Plaintiff lives approximately 4 miles from the Defendants' Facility, passes by the Defendants' Facility at least once per week when he is doing errands, visiting family and friends, and looking to eat out. Moreover, the Defendants' Facility is in a neighborhood that Plaintiff dines out  once or twice per week. Foremost, Plaintiff has dined at, and in, nearly all of the neighboring restaurants surrounding the subject facility, that are all without obstructions. Moreover, Plaintiff dines at restaurants on this street about once or twice per month, including but not limited to Acre, Burek's Pizzeria, and Forest Grocery amongst many others; and thereon affirms that he would dine at the Defendant's restaurant and avail himself of the goods and services offered to the public, were it not for the structural barriers inhibiting his ability to enter the subject facility, in direct contravention of Title III of the ADA and provisions under the ADAAG.

**8)**      Plaintiff has visited the Subject Property which forms the basis of this lawsuit and plans to return to the Subject Property to avail himself of the goods and services offered to the public at the Subject Property, and to determine whether the Subject Property has been made ADA compliant. Plaintiff's access to the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities, and Plaintiff will be denied and/or limited in the future unless and until Defendants are compelled to remove the physical barriers to access and ADA violations which exist at the Facility, including but not limited, to those set forth in this Complaint.

**9)**      The Defendants' Facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

10)     In this instance, Plaintiff visited the Facility and encountered barriers to access at the Facility no less than two times, specifically on or about April 14, 2023, and again on or about April, 29 2023, engaged the barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access as set forth herein. The Plaintiff will continue to dine out in the neighborhood of the Defendants' subject property, and will thereon continue to attempt to access the services and facilities at said premises which have been deprived at all times material.

11)     Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Facility, and until the proper and appropriate remediations are made to the conditions set forth herein that are in violation of the ADA and ADAAG pursuant to 42 U.S.C., § 12182(b)(2)(A)(iv), the Plaintiff and other similarly situated people will continue to be deprived equal access to the public accommodation, premises, and goods and services in a manner that is irreconcilable with society's sense of modern decency or the law which is well settled.

12)     All events giving rise to this lawsuit occurred in the State of New York. Venue is proper in this Court as the premises are located in the Eastern District.

### FACTUAL ALLEGATIONS AND CLAIM

13)     The Defendant's wanton disregard to the rights of our citizenry as protected under the ADA and inscribed in the ADAA has demonstrated deliberate indifference and thereon wilful discrimination to the Plaintiff and all other like situated people. Plaintiff has attempted to access the Facility, but physical barriers inhibited the wheelchair ambulation through the front entrance denying ingress and therefore could not access the premises without severe hardship, because of his disabilities, and the physical barriers to access and ADA

violations that exist at the Facility, which restrict and/or limit his access to the goods and services offered at the Facility. The ADA violations are more specifically set forth in this Complaint.

14)     Plaintiff intends to visit the Facility again in the near future in order to utilize all of the goods and services offered therein but will be unable to do so because of the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that restrict and/or limit his access to the Facility, including those barriers at the front entrance, and other conditions and ADA violations more specifically set forth in this Complaint. In any event, the discrimination would be cured given simple remediations that which would bring the subject property into compliance with the ADA and ADAAG.

15)     Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods and services of the Facility, as prohibited by 42 U.S.C., § 12182, *et. seq*., and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

16)     Defendants have discriminated against Plaintiff by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations, which preclude and/or limit Plaintiff's ability to access the Facility and full and equal enjoyment of the goods, services offered at the Facility include:

I.     INACCESSIBLE ENTRANCE.  ACCESSIBLE ROUTE TO ESTABLISHMENT NOT PROVIDED AS REQUIRED. ACCESSIBLE MEANS OF EGRESS NOT PROVIDED

AS REQUIRED. EXISTING STEPS LEADING TO ENTRANCE ACT AS A BARRIER TO ACCESSIBILITY. REQUIRED RAMP NOT PROVIDED FOR STEPS LEADING TO ENTRANCE.

**ADAAG 206 Accessible Routes  ADAAG 206.1 General.**  Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4.  **ADAAG 206.2 Where Required.**  Accessible routes shall be provided where required by 206.2.  **ADAAG 206.2.1 Site Arrival Points.**  At least one accessible route shall be provided within the site from accessible parking spaces  and accessible passenger loading zones; public streets and sidewalks; and public transportation  stops to the accessible building or facility entrance they serve.  **ADAAG 206.4 Entrances.**  Entrances shall be provided in accordance with 206.4. Entrance doors, doorways, and gates shall  comply with 404 and shall be on an accessible route complying with 402.  **ADAAG 207 Accessible Means of Egress  ADAAG 207.1 General.**  Means of egress shall comply with section 1003.2.13 of the  International Building Code (2000 edition and 2001 Supplement) or section 1007 of the International Building Code (2003 edition)  (incorporated by reference, "Referenced Standards" in Chapter 1). **ADAAG 402 Accessible Route  ADAAG 402.1 General.** Accessible routes shall comply with 402. **ADAAG 402.2 Components.**  Accessible routes shall consist of one or more of the following components: walking surfaces with a  running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides, elevators, and platform lifts. All components of an accessible route shall comply with the applicable  requirements of Chapter 4.  **ADAAG 403 Walking Surfaces  ADAAG 403.4 Changes in Level.** Changes in level shall comply with 303 **ADAAG 303.4 Ramps.**  Changes in level greater than ½ inch high shall be ramped, and shall comply with 405 or 406.

II.   INACCESSIBLE TRAVEL PATH TO EXTERIOR DINING AREA. ACCESSIBLE ROUTE TO EXTERIOR DINING AREA NOT PROVIDED AS REQUIRED. EXISTING STEPS AT TRAVEL PATH LEADING TO EXTERIOR DINING AREA ACT AS A  BARRIER TO ACCESSIBILITY. REQUIRED RAMP NOT PROVIDED FOR STEPS AT TRAVEL PATH LEADING TO EXTERIOR  DINING AREA.

**ADAAG 206.2.5 Restaurants and Cafeterias.**
In restaurants and cafeterias, an accessible route shall be provided to all dining areas,  including raised or sunken dining areas, and outdoor dining areas. **ADAAG 206 Accessible Routes  ADAAG 206.1 General.**
Accessible routes shall be provided in accordance with 206 and shall comply with Chapter 4. **ADAAG 402 Accessible Routes  ADAAG 402.1 General.**
Accessible routes shall comply with 402. **ADAAG 402.2 Components.**
Accessible routes shall consist of one or more of the following components: walking surfaces with a  running slope not steeper than 1:20, doorways, ramps, curb ramps excluding the flared sides,  elevators, and platform lifts. All components of an accessible route shall comply with the applicable requirements of Chapter 4. **ADAAG 403 Walking Surfaces**

III.　　INACCESSIBLE DINING TABLES AT EXTERIOR DINING AREA. REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT DINING TABLES AT  EXTERIOR DINING AREA. A MINIMUM PERCENTAGE OF EXISTING DINING TABLES REQUIRED TO BE ACCESSIBLE NOT  PROVIDED AT EXTERIOR DINING AREA.

**ADAAG 226 Dining Surfaces and Work Surfaces**
**ADAAG 226.1 General.**  Where dining surfaces are provided for the consumption of food or drink, at least 5 percent  of the seating spaces and standing spaces at the dining surfaces shall comply with 902. **ADAAG 902 Dining Surfaces and Work Surfaces  ADAAG 902.1 General.**  Dining surfaces and work surfaces shall comply with 902.2 and 902.3.  **ADAAG 902.2 Clear Floor or Ground Space.**
A clear floor space complying with 305 positioned for a forward approach shall be provided.  Knee and toe clearance complying with 306 shall be provided. **ADAAG 306.2 Toe Clearance. ADAAG 306.2.3 Minimum Required Depth.**  Where toe clearance is required at an element as part of a clear floor space,  the toe clearance shall extend 17 inches (430 mm) minimum under the element.  **ADAAG 306.2.5 Width**.  Toe clearance shall be 30 inches (760 mm) wide minimum.

IV.　　INACCESSIBLE BAR. NON-COMPLIANT HEIGHT OF BAR EXCEEDS MAXIMUM HEIGHT ALLOWANCE. REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT PROVIDED AT BAR. PORTION OF BAR REQUIRED TO BE ACCESSIBLE NOT PROVIDED.

**ADAAG 226 Dining Surfaces and Work Surfaces**
**ADAAG 226.1 General.**  Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the  seating spaces and standing spaces at the dining surfaces shall comply with 902. **ADAAG 902 Dining Surfaces and Work Surfaces  ADAAG 902.1 General.**  Dining surfaces and work surfaces shall comply with 902.2 and 902.3. **Advisory 902.1 General.** Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths. **ADAAG 902.2 Clear Floor or Ground Space.** A clear floor space complying with 305 positioned for a forward approach shall be provided.  Knee and toe clearance complying with 306 shall be provided.  **ADAAG 902.3 Height.**
The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches  (865 mm) maximum above the finish floor or ground. **ADAAG 306.2 Toe Clearance. ADAAG 306.2.3 Minimum Required Depth.**
Where toe clearance is required at an element as part of a clear floor space, the toe clearance shall  extend 17 inches (430 mm) minimum under the element.  **ADAAG 306.2.5 Width**.  Toe clearance shall be 30 inches (760 mm) wide minimum.

**ADAAG 306.3 Knee Clearance. ADAAG 306.3.3 Minimum Required Depth.**
Where knee clearance is required under an element as part of a clear floor space, the knee  clearance shall be 11 inches deep minimum at 9 inches above the ground, and 8 inches deep  minimum at 27 inches (685 mm) above the finish floor or ground.

**ADAAG 306.3.5 Width.**
Knee clearance shall be 30 inches (760 mm) wide minimum.

V.   INACCESSIBLE RESTROOM. REQUIRED MINIMUM CLEAR WIDTH NOT
     PROVIDED AT RESTROOM DOOR.

**ADAAG 206 Accessible Routes  ADAAG 206.1 General.**  Accessible routes shall be
provided in accordance with 206 and shall comply with Chapter 4. **ADAAG 402 Accessible
Routes  ADAAG 402.1 General.**  Accessible routes shall comply with 402. **ADAAG 402.2
Components.**  Accessible routes shall consist of one or more of the following components:
walking surfaces with a  running slope not steeper than 1:20, doorways, ramps, curb ramps
excluding the flared sides,  elevators, and platform lifts. All components of an accessible route
shall comply with the applicable  requirements of Chapter 4.  **ADAAG 404.2.3 Clear Width.**
Door openings shall provide a clear width of 32 inches (815 mm) minimum.  Clear
openings of doorways with swinging doors shall be measured between the face of the
door  and the stop, with the door open 90 degrees.

VI.   REQUIRED MINIMUM MANEUVERING CLEARANCE NOT PROVIDED AT
      RESTROOM DOOR.

**ADAAG 206 Accessible Routes  ADAAG 206.1 General.**  Accessible routes shall be
provided in accordance with 206 and shall comply with Chapter 4. **ADAAG 402 Accessible
Routes  ADAAG 402.1 General.**  Accessible routes shall comply with 402. **ADAAG 402.2
Components.**  Accessible routes shall consist of one or more of the following components:
walking surfaces with a  running slope not steeper than 1:20, doorways, ramps, curb ramps
excluding the flared sides,  elevators, and platform lifts. All components of an accessible route
shall comply with the applicable  requirements of Chapter 4.  **ADAAG 404.2.4 Maneuvering
Clearances.**
Minimum maneuvering clearances at doors and gates shall comply with 404.2.4.
Maneuvering clearances shall extend the full width of the doorway and the required
latch side or  hinge side clearance.

VII.   NON-COMPLIANT DOOR SWING OF RESTROOM DOOR. RESTROOM DOOR
       SWINGS INTO THE FLOOR SPACE OF RESTROOM FIXTURES.

**ADAAG 603 Toilet and Bathing Rooms ADAAG 603.1 General.**  Toilet and bathing rooms
shall comply with 603. **ADAAG 603.2.3 Door Swing.**  Doors shall not swing into the clear
floor space or clearance required for any fixture.

VIII.   INACCESSIBLE LIGHT SWITCH IN RESTROOM. NON-COMPLIANT HEIGHT OF
        LIGHT SWITCH IN RESTROOM EXCEEDS MAXIMUM HEIGHT  ALLOWANCE.

**ADAAG 205 Operable Parts  ADAAG 205.1 General.**  Operable parts on accessible elements, accessible routes, and in accessible rooms and spaces  shall comply with 309. **ADAAG Advisory 205.1 General.**  Controls covered by 205.1 include, but are not limited to, light switches, circuit breakers, duplexes  and other convenience receptacles, environmental and appliance controls, plumbing fixture controls,  and security and intercom systems. **ADAAG 309.3 Height.**  Operable parts shall be placed within one or more of the reach ranges specified in 308 **ADAAG 308.2 Forward Reach.  ADAAG 308.2.1 Unobstructed.**
Where a forward reach is unobstructed, the high forward reach shall be 48 inches (1220 mm)  maximum and the low forward reach shall be 15 inches (380 mm) minimum above the finish floor or  ground. **ADAAG 308.2.2 Obstructed High Reach.**  Where a high forward reach is over an obstruction, the clear floor space shall extend beneath the  element for a distance not less than the required reach depth over the obstruction. The high forward reach shall be 48 inches (1220 mm) maximum where the reach depth is 20 inches (510 mm) maximum. Where the reach depth exceeds 20 inches (510 mm), the high forward reach shall be  44 inches (1120 mm) maximum and the reach depth shall be 25 inches (635 mm) maximum. **ADAAG 308.3 Side Reach.**
**ADAAG 308.3.1 Unobstructed.**  Where a clear floor or ground space allows a parallel approach to an element and the side reach is  unobstructed, the high side reach shall be 48 inches (1220 mm) maximum and the low side reach  shall be 15 inches (380 mm) minimum above the finish floor or ground.


IX.      NON-COMPLIANT DOOR LOCK AT RESTROOM DOOR REQUIRES TWISTING
OF THE WRIST.


**ADAAG 404 Doors, Doorways, and Gates ADAAG 404.1 General.** Doors, doorways, and gates that are part of an accessible route shall comply with 404. **ADAAG 404.2.7 Door and Gate Hardware.**  Handles, pulls, latches, locks, and other operable parts on doors and gates shall comply with 309.4 Operable parts of such hardware shall be 34 inches (865 mm) minimum and 48 inches (1220 mm)  maximum above the finish floor or ground.  **ADAAG 309.4 Operation.**
Operable parts shall be operable with one hand and shall not require tight grasping, pinching,  or twisting of the wrist. The force required to activate operable parts shall be 5 pounds maximum.


X.      REQUIRED MINIMUM TURNING SPACE NOT PROVIDED IN RESTROOM.


**ADAAG 603 Toilet and Bathing Rooms ADAAG 603.1 General.**  Toilet and bathing rooms shall comply with 603.  **ADAAG 603.2 Clearances**.  Clearances shall comply with 603.2.  **ADAAG 603.2.1 Turning Space.** Turning space complying with 304 shall be

provided within the room. **ADAAG 304.3.1 Circular Space.**  The turning space shall be a space of 60 inches (1525 mm) diameter minimum.  The space shall be permitted to include knee and toe clearance complying with 306

XI.    INACCESSIBLE WATER CLOSET IN RESTROOM. REQUIRED MINIMUM CLEARANCE NOT PROVIDED AT WATER CLOSET IN RESTROOM.

**ADAAG 604 Water Closets and Toilet Compartments ADAAG 604.3 Clearance.**
Clearances around water closets and in toilet compartments shall comply with 604.3.
**ADAAG 604.3.1 Size.**  Clearance around a water closet shall be 60 inches (1525 mm) minimum measured perpendicular  from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall.

XII.    REQUIRED GRAB BARS NOT PROVIDED ON REAR AND SIDE WALLS OF WATER CLOSET  IN RESTROOM.

**ADAAG 604 Water Closets and Toilet Compartments ADAAG 604.5 Grab Bars.**
Grab bars for water closets shall comply with 609.  Grab bars shall be provided on the side wall closest to the water closet and on the rear wall.

XIII.    NON-COMPLIANT DISTANCE OF WATER CLOSET FROM SIDE WALL IN RESTROOM.

**ADAAG 604 Water Closets and Toilet Compartments. ADAAG 604.2 Location.**
The water closet shall be positioned with a wall or partition to the rear and to one side.  The centerline of the water closet shall be 16 inches minimum to 18 inches maximum from the  side wall or partition.

XIV.    INACCESSIBLE TOILET PAPER DISPENSER IN RESTROOM. NON-COMPLIANT POSITION OF TOILET PAPER DISPENSER FROM WATER CLOSET.

**ADAAG 604 Water Closets and Toilet Compartments. ADAAG 604.7 Dispensers.**
Toilet paper dispensers shall comply with 309.4 and shall be 7 inches (180 mm) minimum and  9 inches (230 mm) maximum in front of the water closet measured to the centerline of the dispenser.

XV.    INACCESSIBLE URINAL IN RESTROOM. REQUIRED CLEAR FLOOR SPACE
        NOT PROVIDED AT URINAL IN RESTROOM.


**ADAAG 605 Urinals. ADAAG 605.3 Clear Floor Space.**
A clear floor or ground space complying with 305 positioned for forward approach shall be
provided. **ADAAG 305.3 Size.** The clear floor or ground space shall be 30 inches (760 mm)
minimum by 48 inches (1220 mm)  minimum.


XVI.    NON-COMPLIANT HEIGHT OF WALL MOUNTED URINAL IN RESTROOM
         EXCEEDS MAXIMUM  HEIGHT ALLOWANCE.


**ADAAG 605 Urinals  ADAAG 605.1 General.** Urinals shall comply with 605. **ADAAG
605.2 Height and Depth.** Urinals shall be the stall-type or the wall-hung type with the rim 17
inches (430 mm) maximum above  the finish floor or ground. Urinals shall be 13½ inches (345
mm) deep minimum measured from the  outer face of the urinal rim to the back of the fixture.


XVII.    INACCESSIBLE LAVATORY IN RESTROOM. REQUIRED MINIMUM CLEAR
          FLOOR SPACE NOT PROVIDED AT LAVATORY IN RESTROOM.


**ADAAG 606 Lavatories and Sinks. ADAAG 606.2 Clear Floor Space.**
A clear floor space complying with 305, positioned for a forward approach. and
knee and toe  clearance complying with 306 shall be provided. **ADAAG 305.3
Size.** The clear floor or ground space shall be 30 inches (760 mm) minimum by 48
inches (1220 mm)  minimum.


XVIII.    REQUIRED MINIMUM KNEE AND TOE CLEARANCE NOT
           PROVIDED AT LAVATORY IN  RESTROOM.


**ADAAG 606 Lavatories and Sinks. ADAAG 606.2 Clear Floor Space.** A clear floor space
complying with 305, positioned for a forward approach,  and knee and toe clearance complying
with 306 shall be provided. **ADAAG 306.2 Toe Clearance. ADAAG 306.2.3 Minimum
Required Depth.** Where toe clearance is required at an element as part of a clear floor space,
the toe clearance shall extend 17 inches (430 mm) minimum under the element. **ADAAG
306.2.5 Width**. Toe clearance shall be 30 inches (760 mm) wide minimum. **ADAAG 306.3
Knee Clearance. ADAAG 306.3.3 Minimum Required Depth.** Where knee clearance is
required under an element as part of a clear floor space,  the knee clearance shall be 11 inches
deep minimum at 9 inches above the ground,  and 8 inches deep minimum at 27 inches (685
mm) above the finish floor or ground. **ADAAG 306.3.5 Width.** Knee clearance shall be 30
inches (760 mm) wide minimum.

XIV. INACCESSIBLE MIRROR IN RESTROOM. NON-COMPLIANT MOUNTED
HEIGHT OF MIRROR IN RESTROOM EXCEEDS MAXIMUM  HEIGHT ALLOWANCE.

**ADAAG 603.3 Mirrors.**  Mirrors located above lavatories or countertops shall be installed
with the bottom edge  of the reflecting surface 40 inches (1015 mm) maximum above the
finish floor or ground.  Mirrors not located above lavatories or countertops shall be installed
with the bottom edge  of the reflecting surface 35 inches (890 mm) maximum above the finish
floor or ground.

**17)**     The above listing is not to be considered all-inclusive of the barriers which exist
at the Facility. Plaintiff requires an inspection of the Facility in order to determine all of the
ADA violations.

**18)**     The removal of the physical barriers, dangerous conditions, and ADA violations
set forth herein is readily achievable and can be accomplished and carried out without much
difficulty or expense, as required pursuant to 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. §
12181(9); 28 C.F.R, § 36.304.

**19)**     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and
reasonably anticipates that he will continue to suffer irreparable harm unless and until
Defendants are required to remove the physical barriers, dangerous conditions, and ADA
violations that exist at the Facility, including those set forth herein.

**20)**     The Plaintiff has been obligated to retain undersigned counsel for the filing and
prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs
and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

**21)**     Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant
injunctive relief to Plaintiff, including an order to alter the Facility to make it readily accessible

12

to and useable by individuals with disabilities to the extent required by the ADA, and closing the Facility until the requisite modifications are completed.

      **WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Facility until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted

BARDUCCI LAW FIRM, PLLC
5 West 19th Street, 10th Floor
New York, NY 10011
(212) 433-2554

By:   s/ Maria-Costanza Barducci
      Maria-Costanza Barducci, Esq.
       *Attorney for Plaintiff*
      Bar No. 5070487
      MC@BarducciLaw.com